

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# White v. Comm of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3897

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"White v. Comm of PA" (2008). *2008 Decisions.* Paper 1656.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1656

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-87                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3897

KARL WHITE, on his own behalf and on
behalf of all others similarly situated,
                                                          Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; DISTRICT ATTORNEY
JOHN DOE; DAVE SIQISMONTI, Public Defender,
Individually and in their Official Capacities

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-02773)
District Judge: Honorable Thomas N. O'Neill, Jr.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 20, 2007

Before: BARRY, CHAGARES and NYGAARD, Circuit Judges

(Opinion filed: January 30, 2008)

OPINION

PER CURIAM

        Appellant, Karl White, filed a complaint pursuant to 42 U.S.C. § 1983 alleging

constitutional violations arising from his arrest and subsequent criminal prosecution in the Delaware County Court of Common Pleas.[1] Specifically, White claimed that he had been arrested without probable cause, unlawfully searched, made to appear before a Magistrate Judge without counsel, and detained pursuant to an erroneous finding of probable cause. The complaint named as defendants the Commonwealth of Pennsylvania, District Attorney John Doe, and Public Defender Dave Siqismonti. In his prayer for relief, White sought: (1) a declaration that the acts described in the complaint were unconstitutional (Compl. at ¶ 36); (2) a "preliminary and permanent injunction" ordering the Commonwealth to appoint counsel at magistrate hearings, to release him from custody, to direct public defenders to comport with the rules of professional conduct and to "immediately stop acting in concert and or participating with the Commonwealth agents to deny their clients their civil rights" (Compl. at ¶ 37); and (3) one million dollars in compensatory damages, (Compl. at ¶ 38).[2]

On September 20, 2007, the District Court entered an order dismissing the complaint pursuant to Younger v. Harris, 401 U.S. 37 (1971), because White's case was ongoing in the Court of Common Pleas. See 28 U.S.C. § 1915(e)(2)(B)(I). The present

---

[1] This action was originally initiated by Karl White, Deen Jones and Anthony Cooper. On September 4, 2007, the District Court granted Jones's and Cooper's requests to withdraw from the case.

[2] On September 4, 2007, White filed a petition for "emergency equitable power relief" in which he asked the District Court to grant his request for injunctive relief before his criminal trial took place on December 10, 2007. The District Court did not take action on this petition.

2

appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). First, to the extent that White sought to enjoin his criminal prosecution, the District Court's abstention was proper. Younger abstention is required where there are continuing state proceedings that: (1) are judicial in nature; (2) implicate important state interests; and (3) afford an adequate opportunity for presentation of the constitutional claims. See Anthony v. Council, 316 F.3d 412, 418 (3d Cir. 2002). All three predicate requirements were met in this case. White's criminal trial was pending in state court at the time he filed this action, the state has a long-recognized important interest in enforcing its own criminal laws, and White could have challenged the constitutionality of his arrest, detention, and representation at his criminal trial. Moreover, the extraordinary circumstances envisioned by Younger were not present here. See Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J. Police Dep't, 973 F.2d 169, 176 (3d Cir. 1992).

Furthermore, to the extent that White sought release from custody, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Finally, to the extent that White was asking the District Court to issue an edict to all Commonwealth public defenders, such a request is clearly not cognizable under Section 1983.

Accordingly, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B)(I). We

3

will deny White's motion under Federal Rules of Civil Procedure 15(a) and 19(a) to amend the complaint, as those rules govern the procedure in the United States district courts, not the courts of appeals.[3] See Fed. R. Civ. P. 1. We will deny as moot White's requests to appoint counsel.

---

[3] White also submitted to this Court a "motion to amend caption" which, despite its title, likewise sought leave to amend the complaint. As noted above, this Court may not consider a motion to amend the complaint pursuant to Federal Rules of Civil Procedure 15. See Fed. R. Civ. P. 1.